```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THEODORE LEWIS,                                     :
                        Plaintiff,                  :
v.                                                  :
                                                    :      OPINION AND ORDER
WESTCHESTER COUNTY; WESTCHESTER                     :
COUNTY DEPARTMENT OF PUBLIC                         :      20 CV 9017 (VB)
SAFETY; THOMAS GLEASON,                             :
Commissioner of Public Safety, Acting in Both       :
his Official and Unofficial Capacities;             :
RICHARD LEPORE, JR., Shield Number 1159,            :
acting in both his Official and Unofficial          :
Capacities; and JOHN DOE OFFICERS 1–5,              :
Their True Names and Identities Presently           :
Unknown,                                            :
                        Defendants.                 :
--------------------------------------------------------------x
```

Briccetti, J.:

      Plaintiff Theodore Lewis brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against defendants Westchester County, Westchester County Department of Public Safety, Commissioner of Public Safety Thomas Gleason, Westchester County Police Officer Richard LePore, Jr. ("Officer LePore"), and John Doe Officers 1–5. Plaintiff asserts claims for unlawful search and seizure, false arrest and false imprisonment, malicious prosecution, supervisory liability, failure to intercede, and conspiracy.

      Now pending is plaintiff's motion for leave to amend the first amended complaint pursuant to Rule 15(a)(2). (Doc. #21).

      For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      The Court presumes the parties' familiarity with the factual and procedural background of this case, and summarizes only the relevant factual allegations and procedural history below.

1

In the first amended complaint, plaintiff asserted claims against defendants under Sections 1983 and 1985 for excessive force, false arrest, false imprisonment, malicious prosecution, supervisory liability, failure to intercede, and excessive bail, as well as certain state law claims.  (Doc. #9 ("FAC")).

Plaintiff alleged that on or around August 19, 2017, he was riding in the rear compartment of a U-Haul truck on the Hutchinson River Parkway in White Plains, New York, along with other, unspecified individuals, when Officer LePore and/or John Does 1–5 stopped the vehicle without probable cause, searched the vehicle's rear compartment, and uncovered a gun and an unspecified "forged instrument" (also described as a "forgery device") in a bag located in that compartment.  (See, e.g., FAC ¶¶ 21, 23).  According to plaintiff, each bag in the truck "bore the name[ ] of the respective owner[ ] of the bag," and none of the bags searched by the officers was owned or possessed by plaintiff.  (Id. ¶ 17).  Plaintiff claimed that shortly after the search, he was arrested and charged with "Criminal Possession of a Weapon in the Second Degree" and "Criminal Possession of a Forgery Device/Counterfeit."  (Id. ¶ 22).  Plaintiff alleged both charges were dismissed and sealed on March 22, 2019.  (Id. ¶ 31).

In an Opinion and Order dated September 1, 2021, the Court dismissed the FAC in its entirety.  (Doc. #20).  Relevant here, the Court concluded plaintiff failed to state a false arrest claim because the defendant officers had probable cause to arrest plaintiff for criminal possession of a weapon under New York Penal Law § 265.15(3) (the "Automobile Presumption"), which provides that a weapon found in a vehicle, but not on the "person" of any of its occupants, can be presumed to be possessed by all the occupants.  The Court also concluded plaintiff failed to state a claim for malicious prosecution because plaintiff did not allege the criminal prosecution terminated in a manner consistent with plaintiff's innocence,

2

which was a requisite element of a Section 1983 malicious prosecution claim under Second Circuit precedent at the time. See Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997) (collecting cases). The Court permitted plaintiff to seek leave to amend the FAC.

On September 21, 2021, plaintiff filed his proposed second amended complaint. (Doc. #22-3 ("SAC")). In the proposed SAC, plaintiff largely asserts the same claims as in the FAC, except he proposes a new Section 1983 claim for "unlawful search and seizure" in violation of the Fourth Amendment, proposes additional requests for injunctive relief, removes all state law claims and the claim for excessive bail, and removes Westchester County Department of Public Safety as a defendant.

The proposed SAC also largely contains the same allegations as in the FAC, with a few exceptions. Relevant here, plaintiff adds the allegations that he "was not the owner, lessor, operator or person in control or operation of the aforementioned U-Haul at any time mentioned herein" (SAC ¶ 15), and that the contraband uncovered in the U-Haul was found within a "secured piece of luggage." (Id. ¶ 22). The proposed SAC does not supply any additional details regarding the "forgery device," which is still used interchangeably with the term "forged instrument." (See, e.g., id. ¶¶ 22–25).

The proposed SAC also attaches as an exhibit a "Notice to Defendant of Intention to Offer Evidence Pursuant to Criminal Procedural Law § 710.30(1)(a)," purportedly provided to plaintiff on June 25, 2018, by the Westchester County District Attorney's Office in connection with its criminal prosecution of plaintiff's two criminal possession charges. (Doc. #22-1). According to the notice, on August 20, 2017—the day following plaintiff's arrest—plaintiff explained to officers of the Westchester County Police Department that he was in the U-Haul with two of his friends and one of those friend's acquaintances named Jordan, on their way from

Massachusetts back to New York.  Plaintiff purportedly told the officers that he had originally accompanied his friends in the same U-Haul truck from New York to Massachusetts, where his friends visited family there and thereafter retrieved Jordan—whom plaintiff did not know—for the return trip to New York.  Further, according to the notice, plaintiff relayed to the officers that Jordan had a number of bags and suitcases, which had already been placed in the rear compartment of the U-Haul truck by the time plaintiff entered that compartment for the return trip.  Plaintiff also informed the officers that Jordan had been lying down on one of the bags and "went into" another.

## DISCUSSION

I.  Legal Standard

Rule 15(a)(2) provides the Court "should freely give leave" to amend a complaint "when justice so requires."  Accordingly, "[i]n the absence of any apparent or declared reason," such as "failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," a motion for leave to amend should be granted.  Foman v. Davis, 371 U.S. 178, 182 (1962).[1]

An amended complaint is futile when, as a matter of law, the proposed amended complaint would not survive a Rule 12 motion, such as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted or a Rule 12(b)(1) motion for lack of subject matter jurisdiction.  Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012) (Rule 12(b)(6)); Bandler v. Town of Woodstock, 832 F. App'x 733, 735–36 (2d Cir. 2020) (summary order) (Rule 12(b)(1)).

---

[1]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

To survive a Rule 12(b)(6) motion, the allegations in a complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557–58 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

To survive a Rule 12(b)(1) motion, the allegations in the complaint must demonstrate, among other things, that the plaintiff possesses Article III standing to seek the relief requested. Conn. Parents Union v. Russell-Tucker, 8 F.4th 167, 172 (2d Cir. 2021).

II.     Proposed Unlawful Search and Seizure Claim

Defendants argue plaintiff lacks standing to bring a claim for unlawful search and seizure under the Fourth Amendment.

The Court agrees.

"It is well settled that non-owner passengers cannot bring a Fourth Amendment challenge to a search of the interior of a vehicle because they do not possess a reasonable expectation of privacy in a vehicle that is not their own." United States v. Bulluck, 2010 WL 1948591, at *11 (S.D.N.Y. May 13, 2010) (citing Rakas v. Illinois, 439 U.S. 128, 148 (1978)); Cooper v. City of

New Rochelle, 925 F. Supp. 2d 588, 611 n.18 (S.D.N.Y. 2013) (applying rule to a Section 1983 action).

Here, plaintiff disclaims having any reasonable expectation of privacy in the U-Haul truck or the bags he claims were illegally searched. Indeed, plaintiff expressly alleges he was merely a passenger in the vehicle operated by his friend, he "was not the owner, lessor, operator or person in control or operation of the aforementioned U-Haul at any time mentioned herein," and that he did not own or possess any of the bags searched by the officers. (SAC ¶¶ 14, 15, 18, 22). Therefore, even assuming defendants stopped and searched the U-Haul truck without probable cause, plaintiff does not have standing to challenge the search.

Accordingly, the motion to amend is denied with respect to the proposed unlawful search and seizure claim.

III.   Proposed Amended False Arrest and False Imprisonment Claim

Defendants argue plaintiff does not plausibly allege additional facts sufficient to negate the defendant officers' probable cause defense to plaintiff's false arrest claim.

The Court agrees.

As discussed in the Court's prior Opinion and Order, the existence of probable cause is an absolute defense to a claim of false arrest and false imprisonment. Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014). An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

"It is well-settled under New York law that the Automobile Presumption may provide probable cause for the arrest of all occupants of a vehicle." Matthews v. City of New York, 889

F. Supp. 2d 418, 434 (E.D.N.Y. 2012). Subject to certain statutory exceptions not relevant here, the Automobile Presumption creates a rebuttable presumption that all occupants of a vehicle possess a weapon that is found in that vehicle but not found on the "person" of any given occupant. N.Y. Penal Law § 265.15(3). This presumption may apply regardless of where the weapon may be specifically located within the vehicle, the length of time an occupant was in the vehicle prior to the arrest, or whether an occupant knows about the presence of the weapon in the vehicle. See Matthews v. City of New York, 889 F. Supp. at 434. However, the presumption is "evidentiary in nature and may be rebutted by [the] defendant's own testimony or by any other evidence in the case" that sufficiently exculpates any given occupant of the vehicle from possession, such as a confession of possession or ownership by another occupant. See Shabazz v. Kailer, 201 F. Supp. 3d 386, 393 (S.D.N.Y. 2016).

      Here, plaintiff's additional allegations, even accepted as true, do not sufficiently change the circumstances under which the gun was discovered in the U-Haul truck to rebut the application of the Automobile Presumption. Indeed, the only additional allegation in this regard is that the bag in which the gun was discovered was, in fact, a "secured piece of luggage not owned or possessed by Plaintiff"—which, according to plaintiff, bears the name of its owner, who was not plaintiff. (SAC ¶¶ 18, 22). But this additional fact does not plausibly suggest the arresting officers, at the time of arrest, had reason to believe the gun belonged to any other occupant of the vehicle more than it did to plaintiff. See, e.g., People v. Lemmons, 40 N.Y.2d 505, 511 (1976) ("[T]he placement of a weapon in a handbag does not necessarily indicate that the owner of a handbag is in sole and exclusive possession of the weapon. . . . To hold that merely because the weapons were found in a briefcase, handbag, shopping bag or carton the presumption is nullified would defeat the legislative intent and render the statute nugatory.") "In

7

light of the foregoing and because plaintiff[ ] allege[s] that none of the vehicle occupants admitted to possessing the firearm, the [arresting officer] acted within [his] discretion by arresting [any of the] vehicle occupants pursuant to the Automobile Presumption." Matthews v. City of New York, 889 F. Supp. at 436.

Accordingly, the motion to amend is denied with respect to the proposed amended false arrest and false imprisonment claim.

IV.     Proposed Amended Malicious Prosecution Claims

Defendants argue plaintiff does not plausibly assert claims for malicious prosecution.

The Court agrees with respect to the criminal possession of a weapon charge, but disagrees with respect to the criminal possession of a forgery device charge.

A.     Legal Standard

The elements of a Section 1983 malicious prosecution claim are borrowed from state law. Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). To state a malicious prosecution claim under New York law, a plaintiff must plausibly allege "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).

With respect to the second element, the Supreme Court recently clarified that a claim for malicious prosecution under Section 1983 "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." Thompson v. Clark, 142 S. Ct. 1332, 1341 (2022). Rather, a plaintiff "need only show that the criminal prosecution ended without a conviction." Id.

With respect to the third element, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York, but unlike false arrest claims, the defendant must have possessed probable cause as to each offense charged." Costello v. Milano, 20 F. Supp. 3d 406, 415 (S.D.N.Y. 2014). The probable cause standard in the context of malicious prosecution claims is "slightly higher" than the probable cause standard for false arrest claims. See Stansbury v. Wertman, 721 F.3d 84, 95 (2d Cir. 2013). That is, for the purpose of a malicious prosecution claim, probable cause is "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." Id. Nevertheless, "[i]f probable cause existed at the time of arrest [for the at-issue offense], it continues to exist at the time of prosecution unless undermined by the discovery of some intervening, [exculpatory] fact" sufficient to dissipate the original probable cause determination. Johnson v. Constantellis, 221 F. App'x 48, 50 (2d Cir. 2007) (summary order).

Finally, the "lack of probable cause [determined under the third element] generally raises an inference of malice" with respect to the fourth element of the malicious prosecution claim. Ricciuti v. N.Y.C. Transit Auth. 124 F.3d 123, 131 (2d Cir. 1997).

B.   Application

In the proposed SAC, plaintiff asserts malicious prosecution claims based on his prosecution for (i) criminal possession of a weapon, and (ii) criminal possession of a forgery device.

As an initial matter, the Court concludes the first and second and second elements for each proposed amended malicious prosecution claim are no longer at issue, as defendants do not contest the initiation or continuation of criminal proceedings against plaintiff, and it is clear from

the alleged dismissal of plaintiff's charges that "the criminal prosecution[s] ended without a conviction." Thompson v. Clark, 142 S. Ct. at 1341.

Accordingly, the Court addresses the probable cause defenses central to the third and fourth elements of each proposed amended malicious prosecution claim below.

### 1. Criminal Possession of a Weapon in the Second Degree

Plaintiff fails plausibly to allege probable cause did not exist to prosecute him for criminal possession of a weapon in the second degree.

Specifically, plaintiff fails to offer facts plausibly showing the probable cause that existed at the time of plaintiff's arrest for criminal possession of a weapon dissipated by the time of the prosecution of those charges. Indeed, the only potential difference in facts allegedly known to the defendant officers after the arrest is that, on the day after his arrest, plaintiff insisted to certain defendant officers that several bags and suitcases belonging to the other occupants of the U-Haul were already in the rear compartment of the U-Haul by the time he entered that compartment for the return trip to New York, and that Jordan—one of the occupants of the vehicle whom plaintiff allegedly did not know—told plaintiff he was "on the run." (Doc. #22-1).

Although officers cannot disregard such potentially exculpatory facts, plaintiff's self-serving denial and speculation would not, standing alone, "make apparent" to the officers the "groundless nature" of the charge for criminal possession of a weapon as against plaintiff. Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). This is particularly true when, as here, there is no allegation that any of the occupants of the vehicle admitted to owning the firearm and each occupant can be presumed to have possessed the firearm under the Automobile Presumption. Compare Shabazz v. Kailer, 201 F. Supp. 3d at 394 (plaintiff adequately pleaded lack of probable cause to prosecute plaintiff for possession of a weapon in a vehicle when

plaintiff alleged another occupant "told [the defendant officer] at the stationhouse that the gun belonged to her," among other exculpatory facts), with Matthews v. City of New York, 889 F. Supp. 2d at 436 (plaintiff failed to state a claim for false arrest because a gun was found in a vehicle, despite allegations that plaintiff could not have reasonably been deemed to "exercise dominion over the firearm because he had been seriously injured").

Accordingly, the motion to amend is denied with respect to the proposed amended malicious prosecution claim based on plaintiff's prosecution for criminal possession of a weapon.

    2.    Criminal Possession of a Forgery Device

In contrast, plaintiff plausibly alleges there was no probable cause to prosecute him for criminal possession of a forgery device.

It is well settled that, even with respect to possession crimes for which a statutory presumption of possession does not apply, officers may still have probable cause to infer possession of contraband found in a car—and not on the person of any individual occupant—on a common law theory of common, constructive possession. See, e.g., Turyants v. City of New York, 2020 WL 804900, at *4 (E.D.N.Y. Feb. 18, 2020). That is, when the officer arrests or charges an occupant of a vehicle based on possession of contraband found in that vehicle, he must have a reasonable basis to find the occupant had "the power and intention to exercise dominion and control" over the contraband or the area in which the contraband was found such that possession by that occupant may be inferred. See United States v. Rodriguez, 392 F.3d 539, 548–49 (2d Cir. 2004); see also Turyants v. City of New York, 2020 WL 804900, at *4 (probable cause existed to believe passenger in front seat of a car constructively possessed purportedly forged documents in the front compartment of the car).

11

However, unlike the Automobile Presumption, a theory of constructive possession requires an examination of the totality of the circumstances.  See Matthews v. City of New York, 889 F. Supp. 2d at 435.² Courts evaluating probable cause on a theory of constructive possession look to factors including, but not limited to, that person's proximity to the contraband, the visibility of the contraband to the officers' view, or other indicia of ownership or control over the contraband.  See, e.g., Campbell v. City of New York, 2019 WL 569768, at *5–7 (E.D.N.Y. Feb. 11, 2019) ("If there was not marijuana in public view, Defendants' argument for probable cause collapses:  [The arresting officer] would not have observed marijuana in Plaintiff's car within reach, and would not reasonably have been able to impute constructive possession of marijuana to Plaintiff.").  Accordingly, "[m]ere presence at the location of contraband does not establish possession." United States v. Rios, 856 F.2d 493, 496 (2d Cir. 1988) (per curiam).

Here, the Automobile Presumption does not apply to the forgery-related possession crimes for which plaintiff could have been charged,³ so the Court must instead consider whether

---

²       As the court in Matthews noted, the Automobile Presumption was enacted to "ease the burden of establishing probable cause" under the common law theory of constructive possession and "avoid the difficulties in proving possession of weapons hidden in occupied automobiles" under the common law.  Matthews v. City of New York, 889 F. Supp. 2d at 435.

³       Plaintiff describes the crime for which he was charged as "Criminal Possession of a Forgery Device/Counterfeit, a Class D Felony," which corresponds to N.Y. Penal Law § 170.40. That statute criminalizes "mak[ing] or possess[ing] with knowledge of its character any plate, die or other device, apparatus, equipment, or article specifically designed for use in counterfeiting or otherwise forging written instrument." N.Y. Penal Law §170.40(1).  However, plaintiff also describes the at-issue contraband as a "forged instrument" (SAC ¶ 22), which could implicate N.Y. Penal Law § 170.25 instead.  That statute makes "criminal possession of a forged instrument" a Class D Felony as well, but it includes a specific intent element:  a person must "utter[] or possess[] any forged instrument" "with knowledge that it is forged and with intent to defraud, deceive or injure another." N.Y. Penal Law § 170.25.  Because the Court concludes there was, in the first instance, insufficient probable cause to infer possession of the device/instrument, it need not decide at this time which statute would apply.

12

probable cause existed based on plaintiff's apparent ability to exercise dominion and control over the forgery device.

At this early stage of the case, and assuming the truth of the allegations in the proposed SAC, plaintiff plausibly alleges the defendant officers lacked probable cause to presume sufficient dominion and control over the forgery device. Indeed, plaintiff alleges the luggage in which the contraband was found was "secured," that it bore the name of its owner (which was not plaintiff), and that the other occupants of the vehicle were closer in proximity to the suitcase. Viewed in a light most favorable to plaintiff, such allegations suggest it was apparent to the officers that the suitcase in which the forgery device was found lay outside of plaintiff's dominion and control, and thus defendants lacked probable cause to arrest or prosecute him for that offense. Of course, evidence adduced from discovery may ultimately bear out that the totality of the circumstances compels the same conclusion of probable cause as the Automobile Presumption, but the aforementioned alleged facts negating the officers' ability to determine plaintiff's dominion and control over the forgery device preclude such a determination as a matter of law.

Accordingly, the proposed amended malicious prosecution claim based on the criminal possession of a forgery device may proceed.

V.   Proposed Amended Supervisory Liability, Failure to Intercede, and Municipal Liability Claims

Defendants argue the proposed SAC fails to include any additional well-pleaded allegations to support plaintiff's claims for supervisory liability, failure to intercede, and municipal liability.

The Court agrees.

To the extent the proposed SAC includes any additional allegations that attempt to rectify the deficiencies with these claims identified by the Court's prior Opinion and Order, those allegations are wholly conclusory and thus not entitled to the presumption of truth. (See SAC ¶¶ 6, 33, 41, 49, 50, 55).

Accordingly, the motion to amend must be denied with respect to the proposed amended claims for supervisory liability, failure to intercede, and municipal liability.[4]

---

[4] Although the proposed SAC removes plaintiff's Eighth Amendment claim, plaintiff nevertheless includes additional allegations regarding plaintiff's "excessive bail." (See, e.g., SAC ¶¶ 32, 49). To the extent plaintiff's motion can be construed to seek leave to amend the FAC to include claims relating to his bail, that motion is denied for lack of personal involvement of any defendant in setting the bail. Sullivan v. City of N.Y., 2015 WL 5025296, at *8 (S.D.N.Y. Aug. 25, 2015) (citing N.Y. Crim. Proc. L. § 530.10 et seq.), aff'd, 690 F. App'x 63 (2d Cir. 2017) (summary order) ("[T]here can be no Eighth Amendment liability for a person who merely makes a recommendation regarding the appropriate level of bail").

## CONCLUSION

The motion for leave to amend is GRANTED IN PART and DENIED IN PART.

By May 16, 2022, plaintiff shall file a second amended complaint consistent with this Opinion and Order. To be clear, plaintiff is granted leave <u>only</u> to add the malicious prosecution claim against Officer LePore and the John Doe Officers 1–5, in their individual capacities, based on plaintiff's prosecution for criminal possession of a forgery device. Leave to amend is otherwise denied.

By May 30, 2022, defendant Officer LePore shall file an answer.

The Court will separately schedule an initial pretrial conference.

The Clerk is instructed to terminate defendants Westchester County, Westchester County Department of Public Safety, and Thomas Gleason from this action.

The Clerk is further instructed to terminate the motion. (Doc. #21).

Dated: May 9, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge