UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THEODORE LEWIS,

                    Plaintiff,

       -against-

WESTCHESTER COUNTY; COMMISSIONER OF
PUBLIC SAFETY THOMAS GLEASON, Acting in
Both his Official and Unoffical Capacities; POLICE
OFFICER RICHARD LEPORE, JR., Shield Number
1159, Acting in Both his Official and Unoffical Capacities;
and JOHN DOE OFFICERS 1-5 (Their True Names and
Identities Presently Unknown), All Acting in Both Their
Official and Unoffical Capacities,

                    Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER**

20 Civ. 9017 (JCM)

       Plaintiff Theodore Lewis ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants Westchester County, Commissioner of Public Safety Thomas Gleason, Acting in both his Official and Unoffical Capacities, Police Officer Richard Lepore, Jr., Shield Number 1159, Acting in both his Official and Unoffical Capacities, and John Doe Officers 1-5 (Their True Names and Identities Presently Unknown), all acting in both their official and unoffical capacities (collectively, "Defendants"). (Docket No. 26).[1]  Plaintiff alleges that Defendants unlawfully searched, arrested and prosecuted Plaintiff in violation of his constitutional rights. (*See id*.).  Presently before the Court is Plaintiff's motion for reconsideration of Judge Briccetti's Opinion and Order, dated May 9, 2022, granting in part and denying in part Plaintiff's motion for leave to amend the first amended complaint. (Docket No. 40).  Along with his motion, Plaintiff filed a memorandum of law, (Docket No. 39) ("Pl. Mtn."),

---

[1] The parties have consented to the undersigned for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 33).

a declaration from attorney Thomas M. Gambino, (Docket No. 41), and exhibits, (Docket Nos. 41-1-4).  Defendants filed a memorandum of law in opposition, (Docket No. 49) ("Def. Opp'n"), a declaration from attorney Loren Zeitler, (Docket No. 50), and exhibits, (Docket Nos. 50-1-5), and Plaintiff filed a reply, (Docket No. 52) ("Pl. Reply").  For the reasons that follow, Plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

### A. Facts

Plaintiff alleges that, on or about August 19, 2017, he was traveling in the rear compartment of a U-Haul truck on the Hutchinson River Parkway in White Plains, New York. (Docket No. 26 ¶ 7).  Plaintiff was "not the owner, lessor, operator or person in control" of the U-Haul. (*Id*. ¶ 8).  Defendant Lepore and the John Doe Defendants stopped the U-Haul for an alleged traffic infraction around 10:30 a.m. (*Id*. ¶ 9).  The officers then performed a search of the rear compartment of the U-Haul, where Plaintiff was traveling with other individuals. (*Id*. ¶ 10). Plaintiff alleges that the officers searched the rear compartment, and the bags located therein, without probable cause to do so. (*Id*. ¶¶ 10-11).  Defendant Lepore recovered "an instrument alleged to be a forged [sic] device from within a secured piece of luggage not owned or possessed by Plaintiff at the time of the unlawful search." (*Id*. ¶ 15).  Plaintiff was then "handcuffed, searched, arrested and charged…with Criminal Possession of a Forgery Device/Counterfeit," which is a Class D felony. (*Id*. ¶ 17).  Plaintiff alleges that the bags searched "bore the names of the respective owners," *i.e*., not Plaintiff's name, (*id*. ¶ 11), and that Defendants "were aware that Plaintiff did not possess [the] forgery device" and that "they lacked probable cause to arrest Plaintiff for possession" thereof at the time of his arrest, (*id*. ¶¶ 19-20). Following his arrest, Plaintiff "was held in Westchester County jail and remained incarcerated

until November 17, 2017 after an unduly high bail was set." (*Id.* ¶ 23).  All charges against

Plaintiff were "terminated… and were ultimately dismissed and sealed on March 22, 2019." (*Id.*

¶ 26).

**B. Procedural History**

Plaintiff commenced this action on October 28, 2020, (Docket No. 1), and filed a first

amended complaint on January 2, 2021, (Docket No. 9).  The first amended complaint asserted

claims under 42 U.S.C. §§ 1983 and 1985 against Defendants for excessive force, false arrest,

false imprisonment, malicious prosecution, supervisory liability, failure to intercede, and

excessive bail. (*Id.*).  Plaintiff also pleaded state law claims. (*Id.*).  By Opinion and Order, dated

September 1, 2021, Judge Briccetti dismissed the first amended complaint in its entirety. *Lewis v.*

*Westchester Cnty.*, 20 CV 9017 (VB), 2021 WL 3932626, at *1 (S.D.N.Y. Sept. 2, 2021)

(Docket No. 20).  The Court concluded that: (1) "plaintiff failed to state a false arrest claim

because the defendant officers had probable cause to arrest plaintiff for criminal possession of a

weapon under New York Penal Law § 265.15(3) (the 'Automobile Presumption'), which

provides that a weapon found in a vehicle, but not on the 'person' of any of its occupants, can be

presumed to be possessed by all the occupants;" and (2) "plaintiff failed to state a claim for

malicious prosecution because plaintiff did not allege the criminal prosecution terminated in a

manner consistent with plaintiff's innocence, which was a requisite element of a Section 1983

malicious prosecution claim under Second Circuit precedent at the time." *Lewis v. Westchester*

*Cnty.*, 20 CV 9017 (VB), 2022 WL 1448676, at *1 (S.D.N.Y. May 9, 2022) (Docket No. 25).

Judge Briccetti allowed Plaintiff leave to seek to amend the first amended complaint. *Id*.

Consequently, Plaintiff filed a proposed second amended complaint ("PSAC") on

September 21, 2021. (Docket No. 22-3).  The PSAC "largely assert[ed] the same claims as in the

FAC, except [Plaintiff] propose[d] a new Section 1983 claim for 'unlawful search and seizure' in violation of the Fourth Amendment, propose[d] additional requests for injunctive relief, remove[d] all state law claims and the claim for excessive bail, and remove[d] Westchester County Department of Public Safety as a defendant." *Lewis*, 2022 WL 1448676, at *2. Moreover, the PSAC "also largely contain[ed] the same [factual] allegations as in the FAC, with a few exceptions," including added allegations that Plaintiff: (1) "was not the owner, lessor, operator or person in control or operation of the aforementioned U-Haul at any time mentioned herein," and (2) "that the contraband uncovered in the U-Haul was found within a 'secured piece of luggage.'" *Id*. (citing Docket No. 22-3 ¶¶ 15, 22). Additionally, as an exhibit to the PSAC, Plaintiff "attached a 'Notice to Defendant of Intention to Offer Evidence Pursuant to Criminal Procedural Law § 710.30(1)(a),' purportedly provided to plaintiff on June 25, 2018, by the Westchester County District Attorney's Office in connection with its criminal prosecution of plaintiff's two criminal possession charges." *Id*. As summarized by Judge Briccetti:

> According to the notice, on August 20, 2017—the day following plaintiff's arrest—plaintiff explained to officers of the Westchester County Police Department that he was in the U-Haul with two of his friends and one of those friend's acquaintances named Jordan, on their way from Massachusetts back to New York. Plaintiff purportedly told the officers that he had originally accompanied his friends in the same U-Haul truck from New York to Massachusetts, where his friends visited family there and thereafter retrieved Jordan—whom plaintiff did not know—for the return trip to New York. Further, according to the notice, plaintiff relayed to the officers that Jordan had a number of bags and suitcases, which had already been placed in the rear compartment of the U-Haul truck by the time plaintiff entered that compartment for the return trip. Plaintiff also informed the officers that Jordan had been lying down on one of the bags and "went into" another.

*Id*.

By Opinion and Order, dated May 9, 2022, Judge Briccetti granted in part and denied in part Plaintiff's motion for leave to file the first amended complaint. *Id*. at *1-7. Specifically, Judge Briccetti allowed Plaintiff "leave <u>only</u> to add the malicious prosecution claim against

Officer Lepore and the John Doe Officers 1–5, in their individual capacities, based on plaintiff's prosecution for criminal possession of a forgery device." *Id.* at *7. The Court denied Plaintiff's motion as to all other claims. *Id.* Accordingly, Judge Briccetti ordered Plaintiff to "file a second amended complaint consistent with [the Court's] Opinion and Order" by May 16, 2022. *Id.* Plaintiff filed the second amended complaint on May 15, 2022. (Docket No. 26). Shortly thereafter, the parties consented to the undersigned for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 33).

## II. LEGAL STANDARD

"The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). In the Second Circuit, granting reconsideration "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera Ass'n, Inc. v. Local 100*, No. 00 Civ 3613 (LAP), 2004 WL 1943099, at *2 (S.D.N.Y. Aug. 27, 2004).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and

reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *see also Park South Tenants Corp. v. 200 Cent. Park Assocs.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991) ("The standard . . . is strict in order to preclude repetitive arguments on issues that have already been considered fully by the Court."), *aff'd*, 941 F.2d 112 (2d Cir. 1991).

## III.  DISCUSSION

### A.  Rule 60 Does Not Apply

As a threshold matter, Plaintiff purports to move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60"). (*See* Pl. Mtn.).  Rule 60(b) provides certain enumerated grounds that parties may move for relief "from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added).  "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *In re Shengdatech, Inc. Sec. Litig.*, No. 11 Civ. 1918 (LGS), 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015); *see also Luv n' Care, Ltd. v. Regent Baby Products Corp.*, 986 F. Supp. 2d 400, 411 (S.D.N.Y. 2013) (holding that party may not move under Rule 60 for reconsideration of order granting partial summary judgment "[b]ecause that decision did not fully adjudicate the parties' claims, [and] it was not appealable and thus not final for the purposes of Rule 60(b)"); 12 *Moore's Federal Practice-Civil* § 60.23 (Matthew Bender 3d Ed. 2023) ("The standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed.").  In the Second Circuit, an order is generally "final," and thus "appealable," when it "conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White,* 533 F.3d 110, 113 (2d Cir. 2008).  Thus, "[b]arring a district court's entry of a partial

final judgment based on an express determination that 'there is no just reason for delay,' 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties*.'" *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *3 (quoting Fed. R. Civ. P. 54(b)) (alteration in original).  Judge Briccetti's order denying in part and granting in part the motion to amend did not adjudicate all rights and claims of the parties, and is thus not final. *See, e.g., Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388 (2d Cir. 1996) ("'[n]o appeal lies from the order denying permission to amend [the complaint] in the absence of certification' under § 1292(b) or Rule 54(b)") (quoting *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 648 (2d Cir.1967)).  Accordingly, Rule 60 does not apply, and the Court will construe Plaintiff's motion as a motion for reconsideration pursuant to Local Civil Rule 6.3. *See In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *4 (holding Rule 60 did not apply where order of partial dismissal "le[ft] pending [] claims against the other Defendants, and no partial final judgment ha[d] been entered as to the Director Defendants [whose claims had been dismissed]" and construing motion as motion for reconsideration under Local Civil Rule 6.3).

## B.  The Motion Is Untimely

Local Rule 6.3 requires that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Plaintiff filed his motion on January 11, 2023—247 days after Judge Briccetti's Opinion and Order.  Plaintiff's motion is, therefore, untimely, and is denied. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.") (collecting cases); *see also Loftus v.*

*Fin. Indus. Regul. Auth., Inc.,* 20-cv-7290 (SHS), 2022 WL 2829476, at *1 (S.D.N.Y. July 20, 2022) ("Loftus filed this motion for reconsideration almost one year later…. Therefore, the motion for reconsideration is time-barred, and relief pursuant to either Rule 59(e) or Local Civil Rule 6.3 is denied.").

## C. Merits

### 1. Plaintiff's Standing to Challenge the Search

Assuming, *arguendo*, that the motion was timely filed, the Court denies Plaintiff's motion for reconsideration. Plaintiff argues that Judge Briccetti erred in finding that he lacked standing to challenge the constitutionality of the search of the U-Haul. (Pl. Mtn. at 3-4). Specifically, Plaintiff argues that Judge Briccetti overlooked controlling authority, citing to the Supreme Court's decision in *Brendlin v. California*, 551 U.S. 249 (2007). Defendants counter that *Brendlin*: (i) was decided in 2007, and thus could have been raised in Plaintiff's original motion, and (ii) "establishes only that Plaintiff could challenge the *stop*, and corresponding seizure of his person, not that he has standing to challenge the *search*." (Def. Opp'n at 4-5) (emphasis in original). Defendants also argue that the cited testimony of Defendant Lepore, who was deposed after Judge Briccetti's decision, is "unnecessary to [Plaintiff's] argument, because the seizure [of the passenger] is effective as soon as the car is stopped, and no additional evidence is required." (*Id*. at 5). The Court agrees.

"To prevail on a motion for reconsideration on the basis of new authority, plaintiffs must identify either an intervening change of controlling law, …or precedent the Court overlooked and that would materially influence the Court's prior decision." *Serdarevic v. Centex Homes, LLC*, No. 08 CV 5563 (VB), 2012 WL 5992744, at *2 (S.D.N.Y. Nov. 7, 2012) (citations omitted). Here, Plaintiff argues only that the Court overlooked precedent. In *Brendlin*, the Supreme Court

expressly noted that the plaintiff had "not assert[ed] that his Fourth Amendment rights were violated by the search of [the] vehicle," in which the plaintiff had been a passenger. *Brendlin*, 551 U.S. at 253.  Thus, the Supreme Court did not opine on a passenger's right to challenge the search of the vehicle and this case is inapposite.  Moreover, Plaintiff did not cite *Brendlin* in his motion papers before Judge Briccetti, (*see* Docket No. 23), notwithstanding the fact that the case was decided in 2007, and offers no explanation for not doing so.  Thus, such authority "cannot appropriately be relied upon" as a valid basis for reconsideration. *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK) (HBP), 2003 WL 22127011, at *2 (S.D.N.Y. Sept. 15, 2003).  In any event, in deciding that Plaintiff, as a non-owner passenger, could not bring a Fourth Amendment claim challenging the search of the interior of the vehicle, Judge Briccetti cited to *United States v. Bulluck*, No. 09 Cr. 652 (PGG), 2010 WL 1948591, at *5 (S.D.N.Y. May 13, 2010).  *Bulluck* expressly recognized *Brendlin*'s holding that "automobile passengers have a cognizable Fourth Amendment interest entitling them to challenge the constitutionality of a traffic *stop*" before ultimately concluding that such passengers do not have standing to challenge the *search* of the vehicle. *Id*. at *1, *10-22 (emphasis added).  Accordingly, Plaintiff failed to identify any controlling authority that the Court overlooked, and his motion for reconsideration is denied on this ground.

Plaintiff also argues that "[t]he Decision and Order was based upon an application of the Automobile Exception to the Search Warrant requirement with respect to the search of the U-Haul truck within which the Plaintiff was riding," and that Defendant Lepore's testimony establishes that this exception did not apply. (Pl. Mtn. at 5-7).  However, Judge Briccetti denied Plaintiff's motion to amend his search and seizure claim as futile because he lacked standing to challenge the constitutionality of the search. *See Lewis*, 2022 WL 1448676, at *3.  In doing so,

Judge Briccetti applied the Automobile *Presumption*, which "creates a rebuttable presumption that all occupants of a vehicle possess a weapon that is found in that vehicle but not found on the 'person' of any given occupant" in finding probable cause for the arrest and denying Plaintiff's motion to amend the false arrest and false imprisonment claim. *Id*. at *3-4.  Thus, Plaintiff's argument relies on a misunderstanding or misapplication of the Court's decision, and does not warrant reconsideration. *See, e.g., Gagnon v. Alkermes PLC*, 17-cv-9178 (WHP), 2019 WL 2866113, at *3-4 (S.D.N.Y. July 2, 2019) (misunderstanding of court's order does not warrant reconsideration).

**2.  Plaintiff's False Arrest and Imprisonment Claims**

Plaintiff argues that Defendant Lepore's testimony is "newly discovered" evidence that establishes the Automobile Presumption does not apply and, therefore, "there can be no finding that the Plaintiff was statutorily presumed to have possessed the firearm as determined" by Judge Briccetti. (Pl. Mtn. at 7).  Defendants counter that this newly available evidence would not be sufficient to rebut the statutory presumption, *i.e.*, would not alter the Court's conclusion. (Def. Opp'n at 7-8).

Plaintiff's "newly discovered" evidence does not warrant reconsideration of the Court's order.  In determining that the Automobile Presumption applied, Judge Briccetti noted that the presumption may be rebutted by evidence that "sufficiently exculpates any given occupant of the vehicle from possession, such as a confession of possession or ownership by another occupant." *Lewis*, 2022 WL 1448676, at *3 (citing *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 393 (S.D.N.Y. 2016)).  After accepting Plaintiff's allegations as true, including Plaintiff's allegations that the gun was found in a "secured piece of luggage not owned or possessed by Plaintiff" and bore the name of its owner, who was not Plaintiff, Judge Briccetti concluded that the Automobile

Presumption had not been rebutted because that information was not such that it would have required the arresting officers to exculpate Plaintiff from common possession. *See id*. at *3-4. Plaintiff's newly cited testimony from Lepore that he was told who owned the bags in the back of the truck does not alter the Court's conclusion.  Indeed, as noted by Judge Briccetti, "the placement of a weapon in a handbag does not necessarily indicate that the owner of a handbag is in sole and exclusive possession of the weapon." *Id*. at *4 (quoting *People v. Lemmons*, 40 N.Y.2d 505, 511 (1976)); *see also Matthews v. City of New York*, 889 F. Supp. 2d 418, 436 (E.D.N.Y. 2012) ("Moreover, the circumstances presented here would not dictate that a reasonable officer must exculpate plaintiffs from common constructive possession, given that none of the occupants claimed sole possession of the gun. Even if, as plaintiffs allege, the Individual Defendants knew the jacket and gun did not belong to either of the plaintiffs … this information would not require the Individual Defendants to exculpate plaintiffs from common possession.") (cited in *Lewis*, 2022 WL 1448676, at *3-4).  Accordingly, Plaintiff's newly discovered evidence does not alter the Court's prior decision, and Plaintiff's motion for reconsideration is denied.

### 3.  Plaintiff's Probable Cause Challenge

Plaintiff also argues that Defendant Lepore's testimony that the basis of the arrest for the driver of the vehicle was driving while intoxicated (purportedly in contradiction of the arrest report) warrants reconsideration of the Court's decision that Plaintiff had failed to allege sufficient facts to negate Defendants' probable cause defense on his false arrest claim. (*See* Pl. Mtn. at 8).  Defendants counter that Plaintiff fails to offer new evidence that there was no probable cause for his arrest. (Def. Opp'n at 8).  Here, the Court agrees that Plaintiff's newly-offered testimony, which relates to the probable cause to arrest the driver of the U-Haul, would

not warrant reconsideration of the Court's conclusion that Defendants had probable cause to arrest Plaintiff.  In addition, to the extent that Plaintiff is arguing that such testimony renders the search of the vehicle unconstitutional, he lacks standing to challenge that search for the reasons articulated above.  Accordingly, Plaintiff has failed to identify any overlooked facts that warrant reconsideration of the Court's denial of his motion to amend his false arrest claim.

Plaintiff also requests a "negative inference" because Defendants have not produced transcripts and recordings from police car dash cams. (Pl. Mtn. at 8).  "It is implicit in th[e] language [of Local Civil Rule 6.3] that a motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered.*" *Koehler v. Bank of Bermuda Ltd.,* No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005).  This argument was not presented in Plaintiff's original motion, and, therefore, does not provide basis to reconsider the Court's decision.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied.  The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 39).

Dated:   August 22, 2023
         White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

-12-