UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THEODORE LEWIS,

                Plaintiff,

      -against-

WESTCHESTER COUNTY; COMMISSIONER OF
PUBLIC SAFETY THOMAS GLEASON, Acting in
Both his Official and Unoffical Capacities; POLICE
OFFICER RICHARD LEPORE, JR., Shield Number
1159, Acting in Both his Official and Unoffical
Capacities; and JOHN DOE OFFICERS 1-5 (Their
True Names and Identities Presently Unknown), All
Acting in Both Their Official and Unoffical
Capacities,

                Defendants.

----------------------------------------------------------------X

**OPINION AND ORDER**

20 Civ. 9017 (JCM)

Plaintiff Theodore Lewis ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983

against Defendants Westchester County, Commissioner of Public Safety Thomas Gleason, acting

in both his official and unoffical Capacities, Police Officer Richard Lepore, Jr., Shield Number

1159, acting in both his official and unoffical Capacities, and John Doe Officers 1-5 (Their True

Names and Identities Presently Unknown), all acting in both their official and unoffical

capacities (collectively, "Defendants"). (Docket No. 26).[1]  Presently before the Court is

Defendant Richard Lepore's ("Lepore") motion for summary judgment. (Docket No. 42).[2]

Lepore's motion is accompanied by a memorandum of law, (Docket No. 43) ("Def. Mtn."), a

---

[1] The parties have consented to the undersigned for all purposes, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 33).

[2] Following Judge Briccetti's September 1, 2021 Opinion and Order dismissing the first amended complaint in its entirety, (Docket No. 20), and May 9, 2022 Opinion and Order granting in part and denying in part Plaintiff's motion to amend the first amended complaint, Plaintiff was granted leave only to add a malicious prosecution claim against Lepore and John Doe Officers 1-5 based on his prosecution for criminal possession of a forgery device. (Docket No. 25).  Defendants Westchester County, Westchester County Department of Public Safety and Thomas Gleason were terminated from this action. (*Id.*).

declaration from attorney Loren Zeitler, (Docket No. 44), attaching exhibits, (Docket Nos. 44-1-5), and a Local Civil Rule 56.1 statement, (Docket No. 45).  Plaintiff filed a memorandum of law in opposition, (Docket No. 46) ("Pl. Opp'n"), accompanied by a declaration from attorney Thomas M. Gambino, (Docket No. 47), attaching exhibits, (Docket Nos. 47-1-4), and a counter Local Civil Rule 56.1 statement, (Docket No. 48), and Lepore replied, (Docket No. 51) ("Def. Reply").  For the reasons set forth below, Lepore's motion is denied.

## I.  BACKGROUND

The following facts are taken from Lepore's Statement of Material Facts submitted pursuant to Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York ("Def. 56.1"), (Docket No. 45), Plaintiff's Response to Defendant's Local Civil Rule 56.1 Statement ("Pl. 56.1 Resp."), (Docket No. 48), and the exhibits submitted by the parties in support of their contentions.[3]  The following facts are construed in the light most favorable to Plaintiff as the party opposing summary judgment.  *See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018).  Any disputes of material fact are noted.

On August 19, 2017, Plaintiff was traveling in the rear compartment of a U-Haul truck on the Hutchinson River Parkway. (Def. 56.1 ¶ 1; Pl. 56.1 Resp. ¶ 1).  Plaintiff "was not the owner,

---

[3] Specifically, Lepore submitted a declaration from Senior Assistant Westchester County Attorney Loren Zeitler. (Docket No. 44).  Exhibit A to the Zeitler Declaration is Plaintiff's second amended complaint. (Docket No. 44-1). Exhibit B to the Zeitler Declaration is the transcript of the September 9, 2022 deposition of Plaintiff. (Docket No. 44-2) ("Pl. Dep.").  Exhibit C to the Zeitler Declaration is the transcript of the September 9, 2022 deposition of Lepore. (Docket No. 44-3) ("Lepore Dep.").  Exhibit D to the Zeitler Declaration is the affidavit of Lepore, sworn to on January 11, 2023. (Docket No. 44-4) ("Lepore Affidavit").  Attached to the Lepore Affidavit is the Incident Report for Plaintiff's arrest.  Exhibit E to the Zeitler Declaration is the affidavit of Jennifer Vize, sworn to on January 10, 2023. (Docket No. 44-5) ("Vize Affidavit").  Plaintiff submitted a declaration from Plaintiff's attorney, Thomas M. Gambino. (Docket No. 47).  Exhibit A to the Gambino Declaration is an additional copy of Lepore's September 9, 2022 deposition. (Docket No. 47-1).  Exhibit B to the Gambino Declaration is Lepore's document production. (Docket No. 47-2).  Exhibit C to the Gambino Declaration is Plaintiff's arrest report. (Docket No. 47-3). Exhibit D to the Gambino Declaration is Plaintiff's Certificate of Disposition of his criminal charges, dated March 22, 2019, from the White Plains City Court. (Docket No. 47-4).

-2-

lessor, operator or person in control or operation of" the U-Haul. (Def. 56.1 ¶ 2; Pl. 56.1 Resp. ¶ 2).  At that time, Lepore was assigned as a patrol officer to the area encompassing the Upper Hutchinson River Parkway. (Def. 56.1 ¶ 3; Pl. 56.1 Resp. ¶ 3).[4]  U-Haul trucks are not permitted on the Upper Hutchinson River Parkway. (*See* Def. 56.1 ¶ 5; Pl. 56.1 Resp. ¶ 5).  Consequently, when Lepore observed the U-Haul on the parkway, he "attempted to initiate a stop while in his marked vehicle." (*Id*.).  However, the U-Haul "did not immediately pull over when Officer Lepore flashed his vehicle lights and put his siren on," and instead "continued to travel" for a few miles before pulling over. (Def. 56.1 ¶ 6; Pl. 56.1 Resp. ¶ 6).  When Lepore approached the U-Haul, "he immediately noticed the odor of burnt marijuana throughout the vehicle, which smelled like it was recently burned." (Def. 56.1 ¶ 7; Pl. 56.1 Resp. ¶ 7).  Upon approach, Lepore noticed two people in the cab of the U-Haul; however, when he asked those individuals to exit the vehicle, he noticed a third person "between the front seats under a blanket." (Def. 56.1 ¶¶ 8-9; Pl. 56.1 Resp. ¶¶ 8-9).

The three individuals sitting in the front of the truck were asked to leave the vehicle. (Lepore Dep. at 17).  Lepore then began the process of impounding the vehicle based on his probable cause to believe the driver was driving while impaired. (*Id*. at 17, 43, 53).[5]  When Lepore opened the rear compartment of the U-Haul, he "saw three individuals lying down on several bags in the cargo area," including Plaintiff. (Def. 56.1 ¶¶ 12-13; Pl. 56.1 Resp. ¶¶ 12-

---

[4] Plaintiff does not dispute the factual matter asserted within this paragraph. (*See* Pl. 56.1 Resp. ¶ 3).  His only dispute to paragraph 3 is generally to the use of the Lepore Affidavit. (*See id*.).

[5] The parties dispute the reason for the search of the vehicle. (*See* Pl. 56.1 Resp. ¶ 11).  Defendant's paragraph 11 states that Lepore searched the entire truck for marijuana "[b]ecause of the strong marijuana odor that [he] smelled when approaching the U-Haul." (Def. 56.1 ¶ 11).  The Court cites to Lepore's testimony in its recitation of the facts to provide factual context.  However, this dispute is not material to Plaintiff's malicious prosecution claim.  Plaintiff's claims regarding unlawful search and seizure under the Fourth Amendment were dismissed for lack of standing, and Judge Briccetti did not allow Plaintiff to re-plead those claims. (Docket No. 25).

13).[6]  The bags were not secured with any locks, nor did they have identification tags, or other

indicia of ownership, on them. (Def. 56.1 ¶¶ 14-15; Lepore Dep. at 46; Pl. Dep. at 44-45).[7]

During the search, a .22 caliber Smith and Wesson handgun was found in one of the bags. (Def.

56.1 ¶ 16; Pl. 56.1 Resp. ¶ 16). The police officers also recovered an embosser inside a red

suitcase, which was not secured by a lock, and did not have tags indicating ownership.[8] (Def.

56.1 ¶¶ 17-18; Docket No. 44-5 at 5-10; Docket No. 44-4 at 9-10; *see also* Pl. Dep. at 44-45).  In

addition, the officers discovered a "clear bag of green leafy substance consistent with marijuana"

in a "plastic shopping bag." (Def. 56.1 ¶ 19).  When Lepore asked the driver of the vehicle about

the contents in the rear compartment of the U-Haul, she replied that "it was her cousin's

---

[6] Plaintiff does not dispute that Plaintiff was one of the individuals in the back of the truck with the bags. (Pl. 56.1 Resp. ¶ 13).  His only dispute to paragraph 13 is generally to the use of the Lepore Affidavit. (*See id*.).

[7] Plaintiff's citation to Lepore's testimony regarding the black lock box is inapposite. (Pl. 56.1 Resp. ¶ 14).  Lepore testified that, to his recollection, the bags were not locked or secured. (Lepore Dep. at 46).  This testimony comports with Plaintiff's testimony, (Pl. Dep. at 44-45), and with the photographic evidence submitted.  Separately, Lepore testified that he did not recall whether the black box, for which one of the front passengers claimed ownership because it contained his identification, was locked. (Lepore Dep. at 47).  The embosser for which Plaintiff was charged with criminal possession of forgery devices was not found inside the black box.  Moreover, Plaintiff's citation to Lepore's testimony regarding "claimed ownership" does not directly dispute the fact that the bags did not have "tags or indicia of ownership" physically on them. (*Compare* Def. 56.1 ¶ 15 *with* Pl. 56.1 Resp. ¶ 15).  Accordingly, there is no material dispute of fact that the bags were not secured or locked, and had no obvious indications of ownership, *i.e.*, tags, on them.

[8] Plaintiff objects to paragraphs 17-18 of Defendant's Rule 56.1 statement. (Pl. 56.1 Resp. ¶¶ 17-18).  Specifically, Plaintiff states that "Defendant Lepore did not identify the suitcase within which the embosser was found, whether or not [sic] the suitcase was located or whether or not the suitcase contained any identifying markings on it." (*Id*.).  However, when asked whether the red suitcase containing an embosser depicted in photographs was the same red suitcase recovered during the search, as referenced in the arrest report, Lepore confirmed that it was. (Lepore Dep. at 74-75).  Thus, the Court's independent review of the record confirms that Plaintiff has failed to controvert Lepore's assertions of fact in those paragraphs, which are supported by admissible evidence in the record, including the arrest report, photographs and the parties' deposition testimony. *See, e.g., Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("unsupported assertions must nonetheless be disregarded and the record independently reviewed" by the Court "even though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions" before deeming such assertions admitted where the citations do not support "critical assertions in the defendant's Rule 56.1 statement").

possessions that his friends helped to load." (Lepore Dep. at 66).[9]  Plaintiff testified that no one

ever admitted to owning the suitcases. (Pl. Dep. at 43).

Plaintiff was arrested and charged with criminal possession of forgery devices, criminal

possession of a weapon in the second and fourth degree, and unlawful possession of marijuana,

(Def. 56.1 ¶ 21; Pl. 56.1 Resp. ¶ 21; Docket No. 47-2 at 9), and was incarcerated at the

Westchester County jail following his arrest, (Def. 56.1 ¶ 22; Pl. 56.1 Resp. ¶ 22).  Ultimately,

the charges were dismissed. (Docket No. 47-2 at 9).

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must grant summary

judgment "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine dispute as to a material fact "exists for summary

judgment purposes where the evidence is such that a reasonable jury could decide in the non-

movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted);

*see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986).  "A fact is material if it

might affect the outcome of the suit under the governing law." *Casalino v. N.Y. State Catholic*

*Health Plan, Inc.*, No. 09 Civ. 2583 (LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012)

(internal quotations and citation omitted).

---

[9] Defendant's Rule 56.1 statement reads: "[t]he vehicle driver told Officer Lepore that she didn't know what was in the back of the U-Haul," and cites to paragraph 15 of the Lepore Affidavit. (Def. 56.1 ¶ 10).  Plaintiff disputes this statement, pointing to Lepore's testimony that the driver said the contents in the rear of the U-Haul were her cousin's (who was riding in the front cabin of the U-Haul, and is not Plaintiff), and arguing that the cited paragraph from the Lepore Affidavit contradicts that testimony. (Pl. 56.1 Resp. ¶ 10).  While not directly contradictory, the Court relies on Lepore's testimony, which is consistent with the arrest report.  Paragraph 15 of the Lepore Affidavit is unsupported by other evidence in the record.  Moreover, the Court reads the statement in Defendant's Rule 56.1 as an inference derived from Lepore's testimony that is arguably favorable to Lepore.  On summary judgment, however, the Court must draw all reasonable inferences in the non-moving party's favor.

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (internal citations omitted).  That said, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323).  Under federal law, the moving party may meet its burden of proof simply by pointing to the absence of evidence to support an essential element of the plaintiff's claim.  *See Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12-13 (2d Cir. 2008) (summary order) ("[T]he moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (internal quotations and citation omitted).  Therefore, Defendant may meet its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," but need not "raise a *prima facie* case."  *Hughes v. U.S.*, No. 12 Civ. 5109 (CM), 2014 WL 929837, *4 (S.D.N.Y. Mar. 7, 2014) (quoting *Celotex*, 477 U.S. at 325).

Once the moving party has met this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Holcomb*, 521 F.3d at 137.  "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249-50), and "must do more than simply show that there is some

metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In doing so, Plaintiff "'may not rely on conclusory allegations or unsubstantiated speculation,' but must support the existence of an alleged dispute with specific citation to the record materials." *Hughes*, 2014 WL 929837, at *3 (internal citations omitted); *see also* Fed. R. Civ. P. 56(c).  Additionally, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

In the Southern District of New York, parties moving for and opposing summary judgment motions must also submit short and concise statements of facts, supported by evidence that would be admissible at trial. Local Civ. R. 56.1.  The party opposing summary judgment must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").  However, "uncontested fact[s] cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement"—in the absence of citations or "where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotations and citations omitted).  Furthermore, the Court is "not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (internal quotations and citations omitted).

## III.  DISCUSSION

### A.  Plaintiff's Evidentiary Challenges to the Lepore and Vize Affidavits

Plaintiff challenges the use of the Lepore and Vize Affidavits. (*See* Pl. 56.1 Resp.).  In
Plaintiff's view, the Lepore Affidavit "contradicts his sworn deposition testimony and is nothing
more than an effort to change his deposition testimony." (Pl. 56.1 Resp.).  At summary
judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the
assertion by… citing to particular parts of materials in the record, including depositions,
documents, electronically stored information, affidavits or declarations[.]" Fed. R. Civ. P.
56(c)(1)(A).  "An affidavit or declaration used to support or oppose a motion must be made on
personal knowledge, set out facts that would be admissible in evidence, and show that the affiant
or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  However,
"[u]nder the sham affidavit doctrine, 'a party may not create an issue of fact by submitting an
affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts
the affiant's previous deposition testimony.'" *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F.
Supp. 3d 76, 94 (S.D.N.Y. 2020) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d
473, 482 (2d Cir. 2014)).  The purpose of this rule is to respect the "deposition process and
prevent witnesses from repudiating sworn testimony once adversarial questioning has ceased."
*Id*. at 95.  While the sham affidavit rule is typically implicated where a party tries to create an
issue of fact, via affidavit, in order to defeat "an otherwise meritorious summary judgment
motion," the rule "equally applies to sham affidavits offered to procure judgment for the offering
party." *Id*.  Courts do not apply the sham affidavit rule where: (1) "the affidavit does not actually
contradict the prior testimony," and (2) "the party's prior testimony is contradicted by evidence
other than the deponent's subsequent affidavit." *Ampong v. Costco Wholesale Corp.*, No. 21-CV-

02049 (CM), 2023 WL 4744185, at *3 (S.D.N.Y. July 25, 2023) (internal citations and quotations omitted).  "If a declarant's prior testimony and summary judgment declaration are not in direct contradiction, mere tensions or inconsistencies go to credibility, not admissibility, and credibility determinations are not proper at summary judgment." *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d at 95.

Here, Plaintiff argues that the Court should completely disregard the Lepore Affidavit because of purported "contradictions" from his sworn testimony.  Courts have rejected such a "broad" interpretation of the sham affidavit rule. *Id*. at 95-96.  Instead, the Court will consider Lepore's Affidavit, "but only to the extent that [it] 'augments, without contradicting, [the declarant's] deposition testimony, addresses issues not explored thoroughly in [those] deposition[s], or finds support in other evidence in the record.'" *Id*. at 96 (quoting *Torrico v. Int'l Bus. Mach. Corp*., 319 F. Supp. 2d 390, 394 n.2 (S.D.N.Y. 2004)).

Further, Plaintiff argues that the Vize Affidavit should not be considered because "Vize was never identified by Defendant as a potential witness." (Pl. 56.1 Resp. ¶ 17).  Detective Vize's Affidavit states that she was the assigned Case Detective at the Westchester County Department of Public Safety for the August 19, 2017 traffic stop at issue. (Vize Affidavit ¶¶ 1-4). As Case Detective, her responsibilities included taking photographs of evidence, and Detective Vize personally took the photographs of the contents of the U-Haul truck, attached as Exhibit A to her affidavit. (*Id*. ¶¶ 5-7).  Detective Vize's partner took the photographs attached as Exhibit B to her affidavit. (*Id*. ¶ 7).  Detective Vize was also in charge of maintaining the photographs. (*Id*. ¶ 8).  The Federal Rules of Evidence provide that evidence may be authenticated by "evidence sufficient to support a finding that the item is what the proponent claims it is," including "[t]estimony that an item is what it is claimed to be" by a witness with knowledge. Fed. R. Evid.

901(a), (b)(1).  Detective Vize's Affidavit satisfies these requirements, and it is proper for the

Court to consider the affidavit for authentication purposes. *See, e.g., Com. Data Servers, Inc. v.*

*Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 57-60 (S.D.N.Y. 2003) (considering declaration

of third party for authentication of documents submitted in connection with summary judgment

motion).

## B. Lepore's Summary Judgment Motion

### 1. Malicious Prosecution Claim

Lepore argues that no genuine issue of material fact exists as to Plaintiff's malicious

prosecution claim because the undisputed facts establish that Lepore had probable cause to arrest

Plaintiff, and Plaintiff has failed to adduce any evidence of "actual malice." (Def. Mtn. at 7-8).

Plaintiff counters that questions of material fact exist as to probable cause and that Lepore "has

acted maliciously" because "Plaintiff has demonstrated the criminal prosecution against [him]

ended without a finding of guilt." (Pl. Opp'n at 11-12).[10]

A Section 1983 malicious prosecution claim requires the plaintiff to prove "(1) the

initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the

proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and

(4) actual malice as a motivation for defendants' actions." *Ferebee v. City of New York*, No. 15-

---

[10] Plaintiff's opposition addresses a number of claims that are no longer in this action, including arguments that Plaintiff has standing to challenge the search of the vehicle and that the search of the vehicle was not properly made pursuant to the "Automobile Exception," and that issues of fact exist as to Plaintiff's malicious prosecution claim for criminal possession of a firearm. (*See* Pl. Opp'n).  Pursuant to Judge Briccetti's May 9, 2022 Opinion and Order granting in part and denying in part Plaintiff's motion to amend the first amended complaint, Plaintiff was granted leave to file a second amended complaint only to plead the malicious prosecution claim against Lepore and the John Doe Officer Defendants for criminal possession of a forgery device, (Docket No. 25), which Plaintiff filed on May 15, 2022, (Docket No. 26).  This Court subsequently denied Plaintiff's untimely motion for reconsideration of Judge Briccetti's Opinion and Order. (Docket No. 53).  Plaintiff cannot cross-move for relief on claims that have been dismissed.  Nor can he "use his … opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary order).  Therefore, the Court's Opinion and Order is limited to the issues raised in Lepore's motion for summary judgment that are pertinent to the only surviving claim in this action—malicious prosecution for criminal possession of a forgery device.

CV-1868 (PAC), 2017 WL 2930587, at *5 (S.D.N.Y. July 6, 2017) (quoting *Stampf v. Long Island R. Co.*, 761 F.3d 192, 198 (2d Cir. 2014)).  "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).  "The probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases," *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013), and "unlike false arrest claims, the defendant must have possessed probable cause as to each offense charged," *Costello v. Milano*, 20 F. Supp. 3d 406, 415 (S.D.N.Y. 2014).  "Probable cause, in the context of malicious prosecution, has also been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Stansbury*, 721 F.3d at 95 (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)).  "This inquiry considers the facts known or reasonably believed at the time the prosecution was initiated, and not at the time of arrest." *Soto v. City of New York*, 132 F. Supp. 3d 424, 452 (E.D.N.Y. 2015) (internal quotations and citation omitted).  However, "[i]f probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined 'by the discovery of some intervening fact.'" *Johnson v. Constantellis*, 221 F. App'x 48, 50 (2d Cir. 2007) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003)).

"Under New York law, a person 'constructively possesses tangible property when he [or she] exercises 'dominion and control' over the property with a sufficient level of control over the area in which the contraband is found.'" *Turyants v. City of New York*, 18-CV-841 (PKC) (PK), 2020 WL 804900, at *4 (E.D.N.Y. Feb. 18, 2020) (quoting *Davis v. City of New York*, No. 04-CV-3299 (JFB) (RLM), 2007 WL 755190, at *5 (E.D.N.Y. Feb. 15, 2007)).  The "mere presence at the location of contraband does not establish possession." *United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988).  Rather, courts look to the "totality of the circumstances," *Campbell v. City*

*of New York*, 16-CV-7201 (NGG) (SMG), 2019 WL 569768, at *6 (E.D.N.Y. Feb. 11, 2019), to

determine whether there is "sufficient indicia of dominion and control," *Rios*, 856 F.2d at 496.

"[W]hether constructive possession exists is a fact-intensive inquiry" that involves evaluating

"presence under a particular set of circumstances from which a reasonable jury could conclude

that the defendant constructively possessed contraband located there." *Williams v. Johnson*, 17

Civ. 2351 (ER), 2019 WL 1437820, at *4 (S.D.N.Y. Mar. 31, 2019) (internal citations and

quotations omitted).

      Here, it is undisputed that the first two elements of the malicious prosecution claim are

met.  However, the parties disagree over whether the arresting officers had probable cause to

arrest and prosecute Plaintiff for criminal possession of a forgery device under a constructive

possession theory. (Def. Mtn. at 4-7; Pl. Opp'n at 3-7).  "[E]ven when probable cause is present

at the time of arrest, evidence could later surface which would eliminate that probable cause."

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (internal quotations and

citations omitted).  Further, "probable cause to prosecute not only dissipates when police officers

uncover new evidence after an arrest, but in certain cases it can also dissipate when police

officers fail to examine evidence already available to them." *Weiner v. McKeefery*, 90 F. Supp.

3d 17, 34 (E.D.N.Y. 2015).  Thus, while "[t]he defendants are not obliged to exonerate plaintiff

or uncover exculpatory evidence…the 'failure to make a further inquiry when a reasonable

person would have done so may be evidence of lack of probable cause.'" *Lawrence v. City*

*Cadillac*, No. 10 Civ. 3324 (PKC), 2010 WL 5174209, at *6 (S.D.N.Y. Dec. 9, 2010) (quoting

*Lowth*, 82 F.3d at 571).

      Lepore's argument is essentially that, because probable cause existed for the arrest, there

was also probable cause for the prosecution. (*See* Def. Mtn. at 7-8).  However, "the legal analysis

-12-

[for malicious prosecution] is not that simplistic when an officer has [potentially] exculpatory evidence in his possession, and may have failed to act upon it." *Weiner*, 90 F. Supp. 3d at 35. Upon close review of the record, and after drawing all reasonable inferences in Plaintiff's favor, the Court finds that triable issues of fact exist as to whether Lepore had probable cause for initiating and continuing Plaintiff's prosecution.  Specifically, Lepore's testimony and the arrest report state that, before opening the rear compartment of the U-Haul and conducting the search, Lepore was informed that the bags in the back of the U-Haul belonged to the driver's cousin, who was also seated in the front cabin of the truck. (Lepore Dep. at 66; Docket No. 44-4 at 9). There has been no suggestion that Plaintiff is the driver's cousin.  Further, the record is devoid of any information regarding any investigation undertaken by Lepore before signing the criminal complaint charging Plaintiff with, *inter alia*, criminal possession of a forgery device the day after the traffic stop. (Docket No. 47-2 at 8).  A rational jury could conclude that Lepore had an obligation to investigate this potentially exculpatory information, and that such further investigation may have vitiated the probable cause that existed at the time of arrest for the forgery device. *See Weiner*, 90 F. Supp. 3d at 36.  Moreover, while Lepore's Affidavit now states that the driver told him she did not know what was in the back of the U-Haul, that statement, at minimum, is in tension with his prior testimony that the driver told him that the bags belonged to her cousin.  This tension raises credibility issues—the resolution of which are not appropriate for summary judgment. *See Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d at 95.  Thus, because "the record before this Court is surprisingly barren regarding what happened between the arrest and the arraignment" the Court finds that "the record is insufficiently developed to resolve these factual disputes" regarding probable cause for the malicious prosecution claim at this juncture. *Weiner*, 90 F. Supp. 3d at 35-36; *see also Lowth*, 82 F.3d at 572-73; *cf. Lawrence*,

2010 WL 5174209, at *7 (probable cause not vitiated for malicious prosecution where "Plaintiff also d[id] not allege facts to support a conclusion that the defendants did not investigate as a reasonable person would have done").

As to the fourth element, actual malice, Lepore makes no meaningful argument. (*See* Def. Mtn. at 7-8). Due to the remaining factual disputes regarding probable cause, the Court is unable, at this time, to determine whether Lepore acted with actual malice. *See Weiner*, 90 F. Supp. 3d at 37. Moreover, "'the existence of malice may be inferred from a finding that defendants lacked probable cause to initiate criminal proceedings.'" *Minter v. Cty. of Westchester*, No. 08 Civ. 7726 (WHP), 2011 WL 856269, at *9 (S.D.N.Y. Jan. 20, 2011) (quoting *Rounesville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994)). "Accordingly, where probable cause cannot be determined on summary judgment, the same generally holds true on the issue of malice." *Id.* Thus, the Court finds that this issue must be resolved by the jury.

Accordingly, Lepore's motion for summary judgment on the malicious prosecution claim is denied.

## 2. Qualified Immunity

"Qualified immunity shields police officers acting in their official capacity from suits for damages . . . unless their actions violate clearly-established rights of which an objectively reasonable official would have known." *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (internal quotations and citation omitted). "The Supreme Court has established a two-part inquiry to determine when a district court should hold that the doctrine of qualified immunity bars a suit against government officials: (1) the court must first consider whether the facts alleged, when taken in the light most favorable to the party asserting the injury, demonstrate a violation of a constitutional right; and (2) the court must then consider whether the officials'

actions violated clearly established statutory or constitutional rights of which a reasonable person

would have known." *Id.*

Lepore contends that, even assuming, *arguendo*, the Court does not find that he is entitled

to summary judgment on the malicious prosecution claim, he is shielded from liability under the

qualified immunity doctrine. (Def. Mtn. at 8-12).  Notably, Lepore's arguments exclusively

focus on Lepore's arguable probable cause for the arrest. (*See id*.).  "Arguable probable cause

exists if either (a) it was objectively reasonable for the officer to believe that probable cause

existed, or (b) officers of reasonable competence could disagree on whether the probable cause

test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotations and

citation omitted).  "[U]nder this standard, an arresting officer is entitled to qualified immunity as

a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff

show . . . that officers of reasonable competence could disagree on whether the probable cause

test was met." *Weiner*, 90 F. Supp. 3d at 39 (alteration in original) (internal quotations and

citations omitted).  "The issue of 'reasonableness' for purposes of probable cause is distinct from

the issue of 'reasonableness' for purposes of qualified immunity." *Id.* at 38 (citing *Kerman v.

City of N.Y.*, 374 F.3d 93, 116 (2d Cir. 2004)).  While qualified immunity "ordinarily should be

decided by the court, that is true only in those cases where the facts concerning the availability of

the defense are undisputed; otherwise, jury consideration is normally required." *Oliveira v.

Mayer*, 23 F.3d 642, 649 (2d Cir. 1994) (internal quotations and citation omitted).

Here, disputed issues of fact preclude a determination, at this stage, regarding whether

Lepore is entitled to qualified immunity on the malicious prosecution claim.  Specifically, the

Court is unable to assess whether a reasonable police officer, after being told the bags in the rear

compartment belonged to the driver's cousin, who was seated in the front cabin, would have

continued to believe probable cause existed to commence and continue Plaintiff's prosecution under the totality of the circumstances because disputed issues of fact exist as to what Lepore did with this potentially exculpatory information after Plaintiff's arrest.  Thus, "given the disputed factual issues in the record (and gaps in the record concerning certain facts), the Court is unable to determine" whether "a reasonable police officer in the same circumstances and possessing the same knowledge as [Lepore]…*could* have reasonably believed that probable cause existed." *Weiner*, 90 F. Supp. 3d at 39-41 (quoting *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001)). Accordingly, the Court denies Lepore's motion for summary judgment on the malicious prosecution claim for the criminal possession of a forgery device charge based on qualified immunity.

### C.  Plaintiff's Request for an Adverse Inference

Plaintiff requests a "negative inference be drawn as a result of the lack of" Lepore's production of radio transmissions between officers regarding Plaintiff's arrest and police car dash camera footage regarding the same. (Pl. Opp'n at 3).  However, "[s]imple allegations of improper discovery tactics are not sufficient to defeat a summary judgment motion, particularly where the party making those allegations has failed to take advantage of the appropriate avenues of relief available under the Federal Rules of Civil Procedure." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Envases Venezolanos, S.A.*, 740 F. Supp. 260, 269 (S.D.N.Y.), *aff'd sub nom. First Nat. Bank Maryland v. Envases Venezolanos*, 923 F.2d 843 (2d Cir. 1990).  Accordingly, the Court denies Plaintiff's attempt to "defeat a motion for summary judgment by arguing that the defendants acted improperly during discovery because [Plaintiff] ha[s] failed to make any motions to compel the discovery they sought and failed to obtain any sanctions rulings in the

course of discovery." *Valenti v. Penn Mut. Life Ins. Co.*, 850 F. Supp. 2d 445, 452, n.1 (S.D.N.Y. 2012), *aff'd*, 511 F. App'x 57 (2d Cir. 2013) (summary order).

In any event, "[d]istrict courts have 'broad discretion' in determining whether to grant an adverse inference." *Id.* at 452 (citing *Glover v. Costco Wholesale Corp.*, 153 F. App'x 774, 776 (2d Cir. 2005)) (summary order).  In order to obtain an adverse inference, Plaintiff "'must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Id.* (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).  Plaintiff does not even acknowledge this standard, let alone make such a showing here.  Accordingly, the Court denies Plaintiff's request for an adverse inference at this time.

## IV.  CONCLUSION

For the foregoing reasons, Lepore's motion for summary judgment is denied.  The Clerk of the Court is respectfully requested to terminate the pending motion (Docket No. 42).

Dated:   August 30, 2023
        White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge